United States District Court
Southern District of Texas

**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| YLFREDO RAFAEL VILLA-GARCIA, § | |
| "Petitioner," § | |
| § | |
| v. § | |
| § | Civil Action No. 1:26-cv-00115 |
| FRANCISCO VENEGAS, *et al.,* § | |
| *in their official capacities,* § | |
| "Respondents." § | |
| § | |

## ORDER

Before the Court are Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"), "Petitioner's Statement Showing why Buenrostro-Mendez v. Bondi Does Not Require Denial of the Petition" (Dkt. No. 5) ("Show Cause Response"), and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 7) ("MSJ"). For these reasons, the Petition (Dkt. No. 1) is **GRANTED in part** and **DENIED in part.**

## I.     BACKGROUND

Petitioner is a citizen and national of Venezuela. Dkt. No. 1 at 2. On May 15, 2021, Petitioner entered the United States without inspection. *Id.* On January 21, 2026, immigration officials apprehended Petitioner and placed him in custody at the El Valle Detention Facility in Raymondville, Texas. *Id.* at 4.

On March 24, 2026, an Immigration Judge ("IJ") ordered Petitioner removed. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited July 8, 2026). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and that appeal remains pending. *Id.*

Petitioner challenges Respondents' use of § 1225(b)(2)(A) to detain him on statutory and constitutional grounds. Dkt. No. 1 at 1-2.

## II.     DISCUSSION

Petitioner is entitled to habeas relief on his constitutional claim, but not his statutory one.

1

As to Petitioner's statutory claim, *see* Dkt. No. 1 at 4-5, the Court finds that § 1225(b)(2)(A) authorizes Petitioner's detention because Petitioner fits within the scope of an "applicant for admission," which the Fifth Circuit recognizes as sufficient to authorize the application of § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). *Buenrostro-Mendez*'s ruling on the applicability of § 1225(b)(2)(A) to aliens arrested in the interior forecloses Petitioner's statutory claim that he is improperly detained under § 1225(b)(2)(A).

What *Buenrostro-Mendez* left unresolved as to the constitutional limits of detention under § 1225(b)(2)(A), the Fifth Circuit recently clarified in *Sosnava Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). There, the Fifth Circuit determined that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *16.

Here, Petitioner has been detained since January 21, 2026. Dkt. No. 7 at 2. More than 90 days have elapsed since his detention and nothing in the record suggests Respondents have provided Petitioner with a bond hearing during that time. The Court thus finds that Petitioner's continued detention without a bond hearing violates the Fifth Amendment under *Sosnava*.

## III.   CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is **GRANTED in part** as to Petitioner's constitutional claim **and DENIED in part** as to all other relief requested. Respondents' MSJ (Dkt. No. 7) is **DENIED**.

It is further **ORDERED** that:

Respondents are **ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A) without having conducted a bond hearing within 90 days. Accordingly, if Petitioner is being held under 8 U.S.C. § 1225(b)(2)(A) and has not yet been given a bond hearing, Respondents shall release him immediately.

Respondents shall submit a status report confirming compliance with this Order **no later than 5 p.m. CST, July 10, 2026.**

Signed on this 8th day of July 2026.

Rolando Olvera
United States District Judge